IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEAN DESROSES,

    Plaintiff,

v.                                              CASE NO. 5:13-cv-242-MP-GRJ

MICHAEL D. CREWS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se*, *in forma pauperis* civil rights complaint pursuant to 42 U.S.C § 1983 and a motion for leave to proceed as a pauper. Docs. 1 and 2.  Plaintiff's claims stem from complaints regarding the medical care he is receiving at Graceville Correctional Facility.  The case is before the Court for initial screening pursuant to 28 U.S.C § 1915A.  On October 28, 2013, the Court ordered Plaintiff to show cause as to why this case should not be dismissed for abuse of the judicial process because Plaintiff failed to truthfully disclose all of his prior federal cases, as required on the complaint form.  Doc. 6.  Plaintiff has filed a response.  Doc. 7.

    Plaintiff executed the civil rights complaint form under penalty of perjury.  Doc. 1 at 8.  Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits.  *Id*. at 3.  Section IV. C. requires prisoners to disclose whether they have initiated actions in federal or state court "that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the

conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)[.]" Plaintiff checked "No". Section IV. D. of the complaint form requires prisoners to disclose whether they have "had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service," and if so to identify each case so dismissed. Plaintiff again checked "No".

A review of the Court's PACER Case Locator reflects that Plaintiff has filed at least three other federal cases while he has been incarcerated. *See Jean Phillip Desroses v. Sgt. C. Martorana,* Case No. 2:00-cv-326-JES (M.D. Fla. 4/11/01) (dismissing case for failure to prosecute); *Jean Phillip Desroses v. James R. McDonough*, Case No. 5:07-cv-92-MCR-EMT (6/25/07) (dismissing case for failure to state a claim pursuant to 28 U.S.C § 1915(e)(2)(B)(ii)); *Jean Phillip Desrose v. James R. McDonough*, Case No. 07-13209 (11th Cir. 10/15/07) (dismissing appeal as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(i)). These latter two cases count as "strikes" for purposes of 28 U.S.C § 1915(g). The Court confirmed that the plaintiff in these cases is the same as the plaintiff in this case, having been identified by his DOC inmate number (M02409).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL

576601 *4 (11th Cir. Feb. 10, 2011).[1]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

*Case No: 5:13-cv-242-MP-GRJ*

or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In his response to the Order to Show Cause, Plaintiff states that he completed the form with the assistance of another inmate and did not intend to mislead the Court regarding his filing history. Doc. 7. The Court is not persuaded that Plaintiff should be excused for his lack of candor under these circumstances. Plaintiff executed the form himself, under penalty of perjury. *See* Doc. 1. Neither the Complaint nor the response to the show cause order suggest that there is any reason for the Court to impose a lesser sanction than dismissal without prejudice.

Plaintiff has failed to truthfully disclose his prior cases as required by the plain language instructions of the form and has failed to come forward with any persuasive reason to excuse for his lack of candor. Accordingly, it is respectfully **RECOMMENDED** that leave to proceed as a pauper be denied and that this case be **DISMISSED** for abuse of the judicial process. Such dismissal should be without prejudice to Plaintiff's

right to refile his claims, but will operate as a "strike" pursuant to 28 U.S.C § 1915(g).

**IN CHAMBERS** this 10th day of March 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.